JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

UNITED STATES OF AMERICA

- v. -

ALEXANDER RAPPAPORT,

            Defendant.

------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: MAR 13 2008

INDICTMENT

08 Cr.

**08 CRIM 207**

## COUNT ONE

The Grand Jury charges:

1. From at least in or about 2003, up to and including the present, in the Southern District of New York and elsewhere, ALEXANDER RAPPAPORT, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and object of the conspiracy that ALEXANDER RAPPAPORT, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did import into the United States, from a place outside thereof, a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 952, 959 and 960(b)(1)(G) of Title 21 of the United States Code.

(Title 21, United States Code, Section 963.)

**COUNT TWO**

The Grand Jury further charges:

3. From at least in or about 2003, up to and including the present, in the Southern District of New York and elsewhere, ALEXANDER RAPPAPORT, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

4. It was a part and object of the conspiracy that ALEXANDER RAPPAPORT, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code.

(Title 21, United States Code, Section 963.)

**COUNT THREE**

The Grand Jury further charges:

5. From at least in or about 2003, up to and including the present, in the Southern District of New York and elsewhere, ALEXANDER RAPPAPORT, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 1956(a)(1)(B)(i) of Title 18, United

States Code.

6.  It was a part and an object of the conspiracy that ALEXANDER RAPPAPORT, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfers of hundreds of thousands of dollars in cash, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I).

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

7.  As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, ALEXANDER RAPPAPORT, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds RAPPAPORT obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation

alleged in Counts One and Two of this Indictment, including but not limited to:

    a. a sum of money equal to approximately $1 billion in United States Currency, representing the amount of proceeds obtained as a result of the controlled substance offenses for which RAPPAPORT is liable.

    8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of ALEXANDER RAPPAPORT, the defendant, up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

## FORFEITURE ALLEGATION AS TO COUNT THREE

    9. As a result of the money laundering offense in violation of Title 18, United States Code, Section 1956, alleged

in Count Three of this Indictment, ALEXANDER RAPPAPORT, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including, but not limited to, the following:

    a.   a sum of money equal to approximately $1 billion in United States Currency.

### Substitute Asset Provision

    10.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of ALEXANDER RAPPAPORT, the defendant, up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

_____          _____
FOREPERSON                               MICHAEL J. GARCIA
                                         United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

**ALEXANDER RAPPAPORT,
Defendant.**

---

**INDICTMENT**

08 Cr.

(Title 21, United States Code,
Sections 963 and 846; Title 18 United
States Code, Section 1956(h).)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.